J-S22012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OMAR EDWARDS | : | |
| | : | |
| Appellant | : | No. 2604 EDA 2021 |

Appeal from the PCRA Order Entered November 19, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0209372-1995

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 27, 2022**

Omar Edwards appeals *pro se* from the dismissal of his fifth Post Conviction Relief Act ("PCRA") petition as untimely.  We affirm.

On October 28, 1994, Appellant shot and killed a man in a drive-by shooting in the city of Philadelphia.  On June 13, 1996, a jury found Appellant guilty of first-degree murder.[1]  On January 27, 1997, the court sentenced Appellant to life imprisonment without the possibility of parole.

Appellant filed a counseled direct appeal in February of 1997.  On July 17, 1997, counsel submitted a motion requesting permission to withdraw and indicating that Appellant wished to represent himself.  On August 15, 1997,

---

[1] On February 5, 1996, a jury found Appellant guilty of criminal conspiracy, reckless endangerment, and possessing an instrument of a crime, but was unable to reach a verdict on the murder charge.  Appellant's conviction for first-degree murder was the result of a retrial.

this Court granted counsel's request and gave Appellant sixty days to file a *pro se* appellate brief. Despite requesting and receiving an extension of time, Appellant never submitted an appellate brief. Consequently, on January 8, 1998, this Court dismissed Appellant's direct appeal. Appellant did not seek allowance of appeal in the Supreme Court of Pennsylvania. Thus, his judgment of sentence became final on February 9, 1998. **See** 42 Pa.C.S. § 9545(b)(3).

Appellant filed a timely *pro se* PCRA petition. Appointed PCRA counsel filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, before allowing counsel to withdraw and denying the petition. This Court affirmed and our Supreme Court denied allowance of appeal. **See Commonwealth v. Edwards**, 766 A.2d 885 (Pa.Super. 2000) (unpublished memorandum), *appeal denied*, 771 A.2d 1279 (Pa. 2001). In 2002, 2015, and 2016, Appellant litigated three more unsuccessful *pro se* PCRA petitions. **See Commonwealth v. Edwards**, 823 A.2d 1024 (Pa.Super. 2003) (unpublished memorandum) (affirming dismissal of Appellant's second PCRA petition); **Commonwealth v. Edwards**, 153 A.3d 1104 (Pa.Super. 2016) (unpublished memorandum) (affirming dismissal of Appellant's third PCRA petition); **Commonwealth v. Edwards**, 221 A.3d 241 (Pa.Super. 2019) (non-

precedential decision) (affirming dismissal of Appellant's fourth PCRA petition).

In 2019, while the appeal from the dismissal of his fourth petition was pending, Appellant filed the petition that is the subject of this appeal. Therein, Appellant requested reinstatement of his direct appeal rights *nunc pro tunc*. Appellant argued that he satisfied the government interference exception to the PCRA time bar because this Court failed to ensure that he knowingly waived his right to counsel before allowing counsel to withdraw from his direct appeal in 1997. The PCRA court took no action until Appellant's pending PCRA appeal had concluded. Thereafter, the PCRA court issued Rule 907 notice of its intent to dismiss the fifth petition as untimely. On November 19, 2021, after Appellant filed a response, the PCRA court dismissed Appellant's PCRA petition as untimely. This appeal followed.

Appellant asserts the following issue for our review: "Did the PCRA court err[] when it denied the Appellant's request for *nunc pro tunc* relief when through counsel abandonment and government interference, the Appellant was denied his constitutionally protected right to a counseled and effective direct appeal in his case?" Appellant's brief at 4.

We begin with a discussion of the pertinent legal principles. "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Whitehawk**, 146 A.3d

266, 269 (Pa.Super. 2016). "We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." *Commonwealth v. Dozier*, 208 A.3d 1101, 1103 (Pa.Super. 2019) (quoting *Commonwealth v. Brenner*, 147 A.3d 915, 919 (Pa.Super. 2016)). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018) (citation omitted). Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Smith*, 194 A.3d 126, 132 (Pa.Super. 2018) (citation omitted).

It is well-established that a serial petition cannot be filed while a prior PCRA appeal is pending. *See Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa.Super. 2016) ("[P]revailing law requires that the subsequent PCRA petition must give way to a pending appeal from the order denying a prior petition."). Accordingly, a petitioner must choose either to appeal from the order denying his prior PCRA petition **or** to file a new PCRA petition. *Id*. This Court has emphasized that a PCRA court cannot hold in abeyance a subsequent petition filed when a first PCRA appeal was pending. *See Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa.Super. 2019); *see also Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012) (stating that holding serial petitions in abeyance pending appeal in the same case perverts PCRA

timeliness requirements). Instead, adherence to precedent demands that a PCRA court dismiss any subsequent PCRA petition filed while that appeal is pending. **See Beatty**, **supra** at 961 (citing **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000), *overruled on other grounds by* **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)).

Accordingly, the PCRA court erred in holding the instant PCRA petition in abeyance while the appeal from the dismissal of Appellant's fourth petition remained pending. As indicated above, Appellant had the option of either going forward with his appeal from the order denying his fourth PCRA petition or filing and pursuing his fifth PCRA petition, but he could not do both simultaneously. **See Zeigler**, **supra**. As soon as Appellant decided to exhaust the appeal from the denial of his fourth petition, the PCRA court was required to dismiss any serial PCRA petitions that Appellant filed during the pendency of that appeal. **See Lark**, **supra**. Accordingly, the PCRA court did not have jurisdiction to consider the petition. Thus, we affirm dismissal of Appellant's current petition, albeit on different grounds from the PCRA court. **See Smith, supra** at 132 (stating that an appellate court may affirm on any basis supported by the record).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2022